IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:11-cr-03057-MDH-2 |
| | ) | |
| RONNIE LANDSDOWN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a pro se motion filed by Defendant Ronnie Landsdown entitled "Motion to Modify Sentence to Include Halfway House" (Doc. 159). Without citing any specific authority, Defendant states that "[u]nder the current STATUTE(S), RULE(S), POLICIE(S), and Regulation(s) governing sentence(s) and commitment(s) to the Bureau of Prison(s), the defendant is allowed up to ONE (1) year of his sentence to be served at a Half-Way House." Defendant states that he has served over 48 months of his 60-month prison sentence and he moves the Court to modify his sentence "EFFECTIVE IMMEDIATELY" to allow him to serve the remainder of his prison term in a halfway house.[1]

Upon review and consideration, the Court hereby **DENIES** Defendant's pro se motion for modification of sentence (Doc. 159). This Court has no authority to modify Defendant's sentence to change his place of imprisonment or to designate his place of imprisonment. Federal law clearly states that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). As to prerelease custody, the relevant statute provides:

---

[1] The Court ordered the Government to file a response to Defendant's pro se motion on or before April 29, 2016 and the Government timely submitted its suggestions in opposition on April 29, 2016 (Doc. 161). Contrary to Defendant's argument, this is not an "unopposed" motion and he is not entitled to summary judgment. As discussed below, even assuming Defendant's motion was "unopposed," the Court has no authority to order the requested relief.

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that person into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The statute goes on to state that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." *Id.* at § 3624(c)(4).

The above-quoted language makes clear that it is within the BOP's authority, and not the Court's authority, to designate Defendant's place of prerelease custody. Moreover, while the BOP must "to the extent practicable" ensure Defendant "spends a portion of the final months of that term (not to exceed 12 months)" under conditions to prepare Defendant for reentry into the community, the BOP is not required to place Defendant in a "halfway house" or to do so twelve months before his sentence expires. *See Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) ("We emphasize, like the First Circuit, that 18 U.S.C. § 3624(c) does not require placement in a [community corrections center]. It only obligates the BOP to facilitate the prisoner's transition from the prison system.").[2] Defendant's motion to modify sentence is denied.

**IT IS SO ORDERED**:

Date: May 12, 2016

                                  */s/ Douglas Harpool*
                                  **DOUGLAS HARPOOL**
                                  **UNITED STATES DISTRICT JUDGE**

---

[2] Although Defendant did not file his request as a petition for habeas relief, *see United States v. Jimerson*, No. CR 06-40039, 2007 WL 2684883, at *1 (D.S.D. Sept. 7, 2007) ("The appropriate vehicle to challenge decisions by the Bureau of Prisons regarding community corrections placement is a habeas petition filed under 28 U.S.C. § 2241"), the Court's research indicates other courts in this district and circuit have denied petitions for habeas relief raising arguments similar to that of Petitioner. *See, e.g., Thomas v. Anderson*, No. 10-3298-CV-S-DW-H, 2010 WL 4629776, at *1 (W.D. Mo. Oct. 14, 2010), report and recommendation adopted, No. 10-3298-CV-S-DW-H, 2010 WL 4629623 (W.D. Mo. Nov. 4, 2010); *Arthur v. Roal*, No. CIV. 09-3043, 2010 WL 3025019, at *7 (D. Minn. July 6, 2010), report and recommendation adopted, No. CIV 09-3043 (RHK/JSM, 2010 WL 3024848 (D. Minn. Aug. 2, 2010); *Fleischli v. Outlaw*, No. 2:09CV00079JLH, 2009 WL 3572663 (E.D. Ark. Oct. 26, 2009); *Sandler v. Anderson*, No. 08-3030-CV-S-RED-H, 2008 WL 2610130, at *1 (W.D. Mo. July 2, 2008). However, each case must be determined on a case-by-case basis.